UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § CRIMINAL ACTION NO. 3:23-CR-0443-B |
| | § |
| WEIXING LIN (02), | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Weixing Lin's Motion to Dismiss Count One of the Indictment (Doc. 60). For the following reasons, the Court **DENIES** the Motion.

**I.**

**BACKGROUND**

This is a bank fraud case. The Government brings three charges against Lin and two other defendants.[1] *See generally* Doc. 1, Indictment. Count One of the Indictment alleges that, from April 2017 through approximately June 11, 2021, Lin conspired to commit bank fraud in violation of 18 U.S.C. §§ 1349 and 1344. *Id.* ¶¶ 12–17. The Government accuses Lin and his co-conspirators of "knowingly and willfully . . . conspir[ing] . . . to commit the following offense, namely, to knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution." *Id.* ¶ 12.

Specifically, the Government alleges that Lin used an identity obtained by one of his co-conspirators to "obtain[] a driver's license from the state of Washington" and "open bank accounts and credit cards . . . for their own use and benefit." *Id.* ¶¶ 15–16. Lin and his co-conspirators allegedly

---

[1] All references to "Lin" in this Order are to Defendant Weixing Lin.

"used these fraudulently opened bank accounts and credit cards to make purchases . . . at retailers including but not limited to CVS, Neiman Marcus, Bulgari, Tiffany and Toyota." *Id.* ¶ 17.

Lin moves to dismiss Count One, arguing that it is insufficient as a matter of law. Doc. 60, Mot., 3. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), defendants can move to dismiss their indictments for "failure to state an offense." District courts may only dismiss an indictment if "the infirmity in the prosecution is essentially one of law." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (citation omitted). When reviewing a motion to dismiss an indictment for failure to state an offense, "the court . . . take[s] the allegations of the indictment as true . . . to determine whether an offense has been stated." *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998) (citation omitted).

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). Each count contained in the indictment "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.* "An indictment is legally sufficient if (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Rafoi*, 60 F.4th 982, 993 (5th Cir. 2023) (citation omitted). Further, the Government "may allege that the means by which the defendant committed

the offense are unknown or that the defendant committed it by one or more specified means." FED. R. CRIM. P. 7(c)(1).

### III.

### ANALYSIS

The Court concludes that the Indictment sufficiently charges Lin with conspiracy to commit bank fraud because it contains allegations in support of each essential element of the offense.

The elements of conspiracy to commit bank fraud are "'(1) [that] two or more persons made an agreement to commit . . . fraud; (2) that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.'" *United States v. Duruisseau*, 796 F. App'x 827, 832 (5th Cir. 2019) (per curiam) (alterations in original) (citing *United States v. Eghobor*, 812 F.3d 352, 362 (5th Cir. 2015)).

Here, the Indictment addresses each element of the conspiracy charge. First, Lin and two other co-conspirators "agre[ed] . . . to execute a scheme and artifice to defraud a financial institution." Doc. 1, Indictment, ¶ 12. Second, Lin knew this "scheme" was intended "to obtain moneys, funds, and credits owned by and under the custody and control of a financial institution by means of false and fraudulent pretenses." *Id.* Third, Lin joined in this agreement "willfully." *Id.* Thus, the Indictment contains the essential elements of conspiracy to commit bank fraud. *See Rafoi*, 60 F.4th at 993; *see Duruisseau*, 796 F. App'x at 83.

The Indictment also includes facts describing each element with particularity. The Indictment contains allegations that Lin "obtained a driver's license from the state of Washington" using an identity stolen by one of his co-conspirators. Doc. 1, Indictment, ¶ 15. Lin used this stolen

identity to open bank accounts and credit cards, and to make purchases at various stores. *Id.* ¶¶ 16–17. The Court finds that these allegations describe the elements of conspiracy to commit bank fraud with sufficient particularity "to enable [Lin] to prepare his defense" at trial. *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013); *see also United States v. Sneed*, No. 3:19-CR-0580-B, 2022 WL 35801, at *4 (N.D. Tex. Jan. 4, 2022) (Boyle, J.) (finding an indictment with similar allegations sufficient to notify defendants of the conspiracy to commit wire fraud charge). Further, the Indictment sufficiently identifies the alleged bank fraud scheme to prevent Lin from later being charged for engaging in the same offense. *See Rafoi*, 60 F.4th at 993; *see Duruisseau*, 796 F. App'x at 83. Therefore, the Indictment is sufficient as a matter of law.

Lin's only argument is that the "Indictment does not contain supporting facts of the manner, method and means of the alleged conspiracy or when or how [Lin] allegedly conspired with the other Defendants to commit the alleged charges." Doc. 60, Mot., 3. However, the Indictment includes facts addressing how Lin and his co-conspirators allegedly conspired to commit bank fraud, as discussed above. *See* Doc. 1, Indictment, ¶¶ 13–17. The Indictment also alleges that the defendants' conspiracy began "in or around April 2017 and continu[ed] until on or about June 11, 2021." *Id.* ¶ 12. Accordingly, Count One of the Indictment is legally sufficient, and the Count denies Lin's Motion to Dismiss.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Lin's Motion to Dismiss Count One of the Indictment (Doc. 60).

SO ORDERED.

SIGNED: June 12, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE